IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ERIC L. WHITE                                                                    PLAINTIFF


v.                                     Civil No. 4:16-cv-04061


SHERIFF BRIAN MCJUNKINS,
Howard County, Arkansas; JANA
TALLANT, Howard County Sheriff's
Department; CHIEF JAILER DAWANDA
SCHWOPE, Howard County Detention
Center; GREGORY L. VARDAMAN,
Public Defender; DR. H. PATEL,
Howard County Detention Center                                           DEFENDANTS


## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric L. White filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 11, 2016.

ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable

Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose

of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison

Litigation Reform Act ("PLRA").  Pursuant to the PLRA, the Court shall review complaints in

civil actions in which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity.  28 U.S.C. § 1915A(a).

## BACKGROUND

According to Plaintiff's Complaint from February 21, 2015 until February 26, 2016

Plaintiff was incarcerated in the Howard County Detention Center ("HCDC") in Nashville,

Arkansas.  Plaintiff's address of record indicates he is now incarcerated in the Arkansas

Department of Correction – Wrightsville Unit.  Plaintiff has named the following Defendants in this lawsuit:  Sheriff Brian McJunkins, Jana Tallant, Dawanda Schwope, Gregory L. Vardaman, and Dr. H. Patel.  ECF No. 1.

Plaintiff claims Defendant McJunkins made a mistake on an affidavit relating to Plaintiff's arrest for charges on domestic battery.  Plaintiff states "…McJunkin; ignore, overlook, slight and neglect the charges the complain Mr. Eric L. White were charge a misdemeanor domestic battering in the 3rd degree with that on my affidavit paperwork that came out in the Nashville newspaper….and I also charge with domestic battering in the 2nd degree witch that came out in the Nashville newspaper….witch is double jeopardy…".  ECF No. 1.  Plaintiff alleges this mistake and publication damaged his reputation.  ECF No. 1. Plaintiff also asserts he filed several Howard County Jail inmates grievance forms indicating Plaintiff desired to go to "District Municipal Court for any other misdemeanor charges before the Honorable Judge Ms. Jessca Stell Gunter…."  ECF No. 1.

With respect to his public defender Defendant Vardaman, Plaintiff claims Vardaman "violation my consititutional rights by not filing for motion of Dismissal" in Plaintiff's criminal case CR-2015-19-2."  ECF No. 1.  Plaintiff also names Dr. H. Patel as a defendant.  However, the Complaint does not contain any factual allegations against Dr. Patel who is now deceased.  Finally, Plaintiff alleges he was denied medical care by Defendants Jana Tallant and Dawanda Schwope during his incarceration at the HCDC.

**APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune

from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

1.  Sheriff Brian McJunkins

Although the Complaint is difficult to decipher, it appears Plaintiff is challenging the validity of his charges in a criminal case for which he has been sentenced.  Plaintiff alleges Defendant McJunkins was in part responsible for his conviction because a mistake was made in his paperwork.  Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement and his claims relating to the validity of his criminal charges fail to state cognizable claims under § 1983.

Plaintiff also claims the publication relating to his criminal charges in a local newspaper "scandalized" his reputation.  Defamation is not actionable under section 1983.  *Underwood v. Pritchard,* 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade v. Goodwin,* 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983).

3

The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002). Therefore, Plaintiff's claim his reputation was damaged is not a valid claim for relief under § 1983.

   2.   Gregory L. Vardaman

Plaintiff's Public Defender Gregory L. Vardaman is not subject to suit under § 1983. A § 1983 complaint must allege each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Vardaman was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Vardaman.

   3.   Dr. H. Patel

 Federal Rule of Civil Procedure 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While *pro se* complaints are to be liberally construed, they must allege sufficient facts to support a claim for relief. *Ashcroft v Iqbal,* 556 U.S. 662 (2009); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). I find no factual allegations against Defendant Patel in Plaintiff's Complaint. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Patel.

4

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a) against Defendants Sheriff Brian McJunkins, Gregory Vardaman and Dr. H. Patel. Plaintiff's claims against Jana Tallant and Jailer Dawanda Schwope for denial of medical care shall proceed. A separate Order of Service for these Defendants shall be issued.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of September 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE